JUSTICE COTTER,
dissenting.
¶15 I dissent. I would uphold the order of the District Court in all respects.
¶16 The Court states at ¶ 10 that it agrees with the State’s contention that the lifetime hunting, fishing, and trapping prohibition imposed pursuant to § 87-6-202(6)(f), MCA, is a separate penalty and not a condition of Harrison’s suspended sentence. While the lifetime ban is indeed a penalty, it is also clearly a condition of Harrison’s suspended sentence, as the Court itself notes in ¶ 3. This being so, the provisions of § 46-18-208, MCA, permitting early termination of a suspended sentence may apply.
¶17 There is no language in § 87-6-202, MCA, to support the proposition that a penalty which is imposed as a condition of sentence may not be terminated early pursuant to § 46-18-208, MCA. Section *232 87-6-202(6)(f), MCA, requires only that, if the value of the game exceeds a certain dollar figure, the person shall forfeit his privilege to hunt, fish, or trap for not less than 3 years. Here, the sentence imposed was a prison sentence of 10 years with all time suspended. Thus, the earliest opportunity in this case for either the prosecutor or defendant to invoke the benefit of § 46-18-208, MCA, would be after two-thirds of the suspended time—or 6 years and 8 months—has been served. This penalty would exceed by 3 years and 8 months the minimum forfeiture requirements of § 87-6-202(6)(f), MCA.
¶18 Similarly, § 46-18-208, MCA, contains no language precluding its application to sentences involving conditions of suspended sentences that can also be considered penalties. Therefore, neither statute supports the Court’s categorical statement in ¶ 10 that the penalty imposed under Title 87 is not subject to early termination under § 46-18-208, MCA, nor does the Court cite any statutory reference or case law for its conclusion. The Court’s conclusion is ipse dixit and nothing more.
¶19 Finally, I would conclude that the fact that the oral pronouncement of sentence did not reference § 46-18-208, MCA, or the possibility of early termination of the suspended sentence is of no consequence. The written sentence merely informed Harrison of his right to seek early termination of his suspended sentence—a statutory right that every defendant enjoys regardless of whether it is referenced by a court at sentencing.
¶20 For the foregoing reasons, I dissent.